IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA HERNANDEZ,

    Plaintiff,

v.                                                                                                                  Civ. No. 02-1399 RLP/RHS

ENCHANTMENT AUTO SALES, INC.

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion for Setoff. Briefly stated, Plaintiff paid approximately $1,200 on an automobile purchase installment contract, defaulted in her payments, and brought this suit based on fraud, violations of New Mexico's Unfair Practices Act (UPA), and the Truth in Lending Act (TILA). Prior to trial, in June, 2003, Plaintiff returned the vehicle to Defendant, which still retains the vehicle.

Trial was held before a jury, which found in favor of Defendant on the count of fraud, but in favor of the Plaintiff on her statutory claims. The Verdict form [Doc. 85] states that Plaintiff is entitled to damages in the amount of $3,632.50 for Defendant's violation of the UPA.

Defendant requests an offset of $2,392.50, leaving the Plaintiff with a recovery of $1,240.00 for the UPA violations (the TILA damages to be determined by the court). This amount reflects the amounts Plaintiff actually paid. Defendant argues that Plaintiff is now in a better position than she was prior to entering into the contract and requests the damage award be reduced by virtue of setoff, unjust enrichment, or remittitur.

Plaintiff counters that Defendant has elected its remedies by obtaining the return of the vehicle and failing to sell it in accordance with the provisions of New Mexico's Uniform Commercial Code, which only allows a setoff if the vehicle's resale amount results in a deficiency. *See* §§ 55-9-609-10. Additionally, Plaintiff argues that Defendant argued setoff to the jury and that argument was impliedly rejected by the amount awarded.

Having reviewed the parties' submissions, the court's jury instructions, and the Verdict, the court cannot say with certainty that the jury's award was necessarily an improper windfall for Plaintiff. Defendant has the subject vehicle in its possession, which it is free to resell to recoup its losses. Accordingly, Defendant's Motion is denied.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for Setoff [Doc. 81] is denied.

IT IS SO ORDERED.

                                                Richard L. Puglisi
                                    United States Magistrate Judge
                                          (sitting by designation)

For the Plaintiff:    Richard N. Feferman, Esq.

For the Defendant:  Michael L. Danoff, Esq.