IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREA HERNANDEZ,

    Plaintiff,

v.                                                     Civ. No. 02-1399 RLP/RHS

ENCHANTMENT AUTO SALES, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the court on Plaintiff's Motion for Attorney Fees. After a jury trial, Plaintiff recovered damages in the amount of $3,632.50 for Defendant's violation of the Unfair Practices Act ("UPA"). *See* Verdict Form [Doc. 85], entered January 14, 2004. Additionally, the jury found a violation of the Truth in Lending Act ("TILA"), which entitles Plaintiff to an additional $1,000, the statutory maximum, awarded by the court. Plaintiff's total recovery was therefore $4,632.50. Plaintiff's counsel seeks approximately $48,000 in attorney fees and the Clerk of the Court awarded costs to Plaintiff in the amount of $1,941.66 [Doc. 108].

On March 21, 2003 Defendant served Plaintiff with an offer of judgment pursuant to Fed.R.Civ.P. 68. The amount offered was $5,001.00 "including costs." Based on this offer of judgment, Defendant sought recovery of its costs in the amount of $4,658.81. The Clerk summarily denied Defendant's request [Doc. 109].

Defendant argues that Plaintiff is entitled to no fees and costs after March 23, 2003 because her recovery is less than the amount offered. Plaintiff argues that her attorney fees are part of the costs and therefore her recovery exceeded the proffered amount.

Rule 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The first task for the court is to determine whether Defendant's offer of judgment exceeded Plaintiff's recovery. The parties disagree as to whether Plaintiff's attorney fees, accrued as of March 23, 2003 are part of Plaintiff's "costs."

The jury found that Defendant had violated both the UPA and TILA. Both of those statutes award costs **and** attorney fees to successful plaintiffs. *See* NMSA (1978) § 57-12-10(C); § 1640(B)(4). Whether costs include attorney fees is determined by the substantive law. *Knight v. Snap-On Tools*, 3 F.3d 1398, 1404 (10th Cir. 1993) (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985). The "'costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition.'" *Id.* (quoting *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990). In this case both the UPA and TILA do not define attorney fees as part of the costs. *Cf.* 42 U.S.C. § 1988 (a prevailing party in a § 1983 action may be awarded attorney fees "as part of the costs"). Accordingly, it is only Plaintiff's pre-offer costs as determined by § 1920 that go into the calculation; her accrued attorney fees are not considered.

Because the cost bills submitted by both parties did not contain the dates the costs were incurred, the court entered its Order Setting Aside Clerk's Orders Settling Costs [Doc. 110]. The parties were instructed to submit summaries showing these dates no later than April 6, 2004.

1. **Costs**

The summaries submitted by the parties indicate that prior to March 21, 2003 the only cost incurred by Plaintiff was the $150.00 filing fee. Adding that amount to her recovery of $4,632.50 shows that she recovered less than the amount of the Offer of Judgment. Accordingly, Plaintiff is entitled to no costs after March 21, 2003. Defendant is entitled to its allowable costs incurred after March 21, 2003. The Clerk of the Court will make that determination from the information submitted and issue new Orders Settling Costs.

2. **Attorney Fees**

Counsel for Plaintiff submit a bill of $47,254.00 for attorney fees, exclusive of costs and New Mexico Gross Receipts Tax. Defendant argues Plaintiff is not a prevailing party. Plaintiff did prevail on two of her statutory claims, the UPA and TILA, both of which allow attorney fees to a prevailing plaintiff. Plaintiff is a prevailing party.

The starting point for determining the amount of an appropriate attorney fee is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983), *abrogated on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). The resulting figure is the "lodestar." *Case v. Unified School Dist.*, 157

F.3d 1243, 1249 (10th Cir. 1988). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

There are two elements to the reasonableness inquiry: first, has the attorney exercised billing judgment and deleted excessive, unnecessary or redundant fees from his or her fee application; and second, is the fee award reasonable in light of the success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). " '[A] reasonable attorney's fee' is one that is 'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.' " *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (quoting S.Rep. No. 94-1011, at 6 (1976)). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case*, 157 F.3d at 1249.

    a.    **Hourly rates**

Counsel for Plaintiff, Richard Feferman, has 30 years' experience and his practice concentrates on consumer fraud matters. Exhibit A to Plaintiff's Brief in Support of Motion for Attorneys' Fees [Doc. 93] ("Plaintiff's Brief"). He states he has brought hundreds of cases alleging violations of TILA and the UPA. *Id.* His hourly fee prior to January 1, 2004 was $225 per hour; after that date it increased to $250.00 per hour. Defendant does not contest the hourly rate and the court finds these amounts to be reasonable in this community given Mr. Feferman's experience.

Rob Treinen, an associate at Feferman & Warren, has approximately five years' experience, two of which have been at that firm. His billing rate was $135.00 per hour prior to January 1, 2004 and increased to $150.00 after that time. Exhibit B to Plaintiff's

Brief. Defendant does not contest the hourly rate and the court finds these rates to be reasonable in this community for Mr. Treinen's experience.

Susan M. Warren is a partner at Feferman & Warren with approximately 14 years' experience. Her billing rate of $200.00 is uncontested and the court finds this rate is reasonable in this community and for her experience. Exhibit C to Plaintiff's Brief.

  b. **Billing judgment**

As indicated above, this examination determines whether excessive, unnecessary, or redundant fees have been included in the application. This case was neither novel nor complex; it concerned one plaintiff suing one defendant over one transaction.

The court notes there are several areas of concern with the billing: an inordinate amount of time spent contacting, attempting to contact, receiving and sending phone calls and e-mails to opposing counsel. A total of 8.8 hours is evident from the application, and this does not count the time which is "block billed" in other entries. At $225 or $250 per hour, the court finds that $22.50 (or $25.00) to leave a message is excessive. Accordingly, time entries from the dates listed in footnote one have been determined, in whole or in part, to be unnecessary, duplicative, or comprising non-lawyer work, such as leaving messages, scheduling depositions, sending faxes, delivering parcels, and the like. The amount disallowed totals **$1,161.25**.[1]

---

[1] October 23, December 30, 2002; February 12, April 11, April 15 (.10), May 13, May 14 (.10), May 15, May 16, May 23, June 13, June 17, June 18, June 20, July 19, July 22, July 23, August 7, August 8 (.45), September 4, September 11 (.10), September 23, October 7, October 13, October 16, October 20, October 28, October 29, November 4 (.10), November 13 (.10), November 21 (.10), December 8, and December 10, 2003; January 6 (.10) and January 11, 2004 (1.0).

5

The next area examined are fees incurred while evidently investigating whether this case could lead to a class action lawsuit. Entries on May 29, June 16, July 3, July 9, July 16, July 18 and September 17, 2003 all indicate counsel's attempts to explore the existence of other potential plaintiffs. This time totals 2.55 hours and represents **$573.75** in fees which will be disallowed.

There are several entries for time spent instructing paralegals and associates and time spent by paralegals. This time is non-compensable. Accordingly, entries on June 10, June 16, June 27, July 22, October 31, November 18, December 16, and December 18, 2003 and January 9, 2004 totaling 5.15 hours and **$316.75** is disallowed.

The following are also disallowed. On June 26, 2003 counsel Feferman sat in on a deposition taken by Treinen to "evaluate" the witness and identify other areas of inquiry. The time on this date is block billed. The court finds that one hour of this time should be deleted and thus **$225.00** is disallowed.

Both Feferman and Treinen attended the trial and Treinen cross examined two witnesses. As noted previously, this case was neither novel nor complex. The issues presented are similar, if not identical, to other cases handled by this law firm. The court finds that with the lack of complexity and the small amount at issue, it is unreasonable to bill Defendant for two attorneys to sit in on the trial. Accordingly, 8.0 hours are disallowed on January 12, 2004; 7.80 hours on January 13, 2004; and 3.80 hours on January 14, 2004. Mr. Treinen's hourly rate is $150.00. The total hours disallowed for trial total 19.6, for a total of **$2,940.00** disallowed fees at trial.

6

Mr. Treinen expended a total of 9.3 hours preparing the fee petition in this case, including the preparation of affidavits for counsel. Time expended for preparation of the fee application is only partially compensable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986). The court finds 9.3 hours is excessive. Consumer cases are routinely handled by this law firm; the affidavits should be on file with only minimal updates necessary. There is no time charged for legal research so the court assumes the compilation is merely administrative and does not constitute attorney work. Mr. Treinen's 9.3 hours, at $150.00 per hour, total $1,410 expended on the fee application. The court finds that two hours at $150.00 per hour is reasonable for verifying the accuracy of the application and therefore **$1,110.00** is disallowed.

The fees disallowed thus far in this case total $6,326.75. The amount of fees originally submitted was $47,254.00; that total is now $40,927.25. The court will now examine the reasonableness of that amount.

Section 1640(a)(3) of the TILA provides that a successful plaintiff is entitled to "reasonable attorney fees, as determined by the Court." 15 U.S.C. § 1640(a)(3). TILA and the UPA were enacted to provide remedies for consumers who were duped, or worse, by sharp business practices. Once a violation is proven, successful plaintiffs are entitled to recover their reasonable attorney fees. Attorneys are entitled to a reasonable recovery for taking these cases, many of which do not involve large amounts of money. By providing plaintiffs with remedies and counsel with compensation, the system works to keep excesses of consumer fraud at bay. That having been said, neither statute was enacted to provide a windfall for attorneys. *Mann v. Reynolds*, 46 F.3d 1055, 1062 (10th

7

Cir. 1995). This case had one plaintiff, one defendant, and one transaction. The amount at stake was small from the beginning and realistically was never going to provide the plaintiff with a recovery over $8,000. Nevertheless, three attorneys from one law firm expended 229.80 hours on this case, for a requested fee of $47,254 -- ten times the amount recovered.

"Hours that are not properly billed to one's client also are not properly billed to one's adversary . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1239 (10th Cir. 2000). This means not only unnecessary hours, it also means overbilling a case. A thirty-year attorney who bills $225.00 (now $250.00) per hour should not have had to expend so much time on this case, much less utilize the services of two other attorneys to help with brief writing, trial preparation, etc. The court finds that this case was over-billed and over-worked.[2] This case required the attention of one lawyer, who could have expeditiously managed the case through discovery and trial for one-third of the time and the fees. Accordingly, the total fee award will be reduced to $15,000, excluding New Mexico gross receipts tax.

---

[2] For example, starting on December 18, 2003 and ending on December 29, 2003, 9.1 hours and indeterminate amounts (which were block-billed on December 18, 24 and 26) were expended by three attorneys for one motion in limine. Similarly, starting on December 24 and ending on January 11, 2004, there are seven entries for "jury instructions" or "verdict form," by two attorneys, and only one of those entries was not block-billed (December 28). The court keeps all stock instructions on its website and the parties are instructed not to submit those. Because Plaintiff's causes of action were statutory, the substantive instructions should have been available from prior cases. Finally, the billing statement is replete with notations concerning tasks that should not be handled by lawyers. Examples (not included in footnote one) are April 30, 2003 "send;" May 22 "efforts to schedule," June 3 "try to locate," July 15 "fax," and January 8, 2004: "Arrange" to serve subpoenas; "fax letter," "file" voir dire."

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees [Doc. 92] is granted as provided herein; and

IT IS FURTHER ORDERED that the Clerk of the Court shall determine costs to be awarded as stated herein and issue order(s) settling costs.

IT IS SO ORDERED.

Richard L. Puglisi,
United States Magistrate Judge
(sitting by designation)

For the Plaintiff:      Richard Feferman, Esq.

For the Defendant:      Michael Danoff, Esq.